## T. C. NORRIS v. M. O. GALLOWAY ET AL.

(Filed 31 January, 1928.)

**1. Deeds and Conveyances—Timber Deeds—Construction.**

Where N. and G. are grantees in a deed for standing timber upon certain lands, to be cut and removed within ten years, and thereafter N. becomes the owner of the lands, subject to the timber deed to himself and G., and N. conveys to G. the timber rights he has acquired under the former deed, referring thereto, and in his deed to the timber receives certain rights to cultivate the lands when cut over by G. and designated by him, with a further right of G. to cut and remove a certain kind of timber within two years from the first cutting: *Held,* G. could under the deed from N. cut the designated timber in a period of two years from the first cutting only when coming within the maximum time limit of ten years, and to this extent it was an enlargement of the right conveyed by the deed for the timber to N. and G.

CIVIL ACTION, before *Bowie, J.,* at July Term, 1927, of HAYWOOD.

The plaintiff instituted an action against the defendants to restrain the defendants from trespassing upon the lands in controversy and from cutting and removing timber therefrom. A temporary restraining order was issued and made returnable on 29 July, 1927. By consent the cause was heard by T. C. Bowie, judge holding the regular term of the Superior Court of Haywood County, who rendered the following judgment: "This cause coming on to be heard upon the application of the plaintiff to continue the restraining order theretofore in this cause issued, to the final hearing, and both the plaintiff and the defendants consenting that the matters in issue be heard before his Honor, T. C. Bowie, judge presiding, and the same being heard, this 22 July, 1927: It is therefore ordered, considered and adjudged by the court that the restraining order heretofore issued be dissolved and that the plaintiff pay the cost of the action."

From the foregoing judgment plaintiff appealed.

*Morgan & Ward, M. G. Stamey and Jos. E. Johnson for plaintiff.*
*W. B. Francis and Alley & Alley for defendants.*

BROGDEN, J. On 2 March, 1920, E. W. Sharp and wife conveyed to T. C. Norris and M. O. Galloway, in consideration of $3,500, "all of the timber standing, lying and being and growing, and which might grow during the period hereinafter named, of any and all kinds whatsoever" upon a certain boundary of land consisting of about 300 acres. The timber deed provided that the grantee should have ten years from date in which to cut and remove the timber. Said deed also contained the following restrictions: "It is understood and agreed that when the parties of the second part shall have cut from any portion of said land all the timber and the wood which they desire or may desire to remove from said portion of said boundary, then the parties of the second part shall designate such portion and permit the parties of the first part to clear that portion of said land so designated and sow the same in grass or otherwise use that portion of said land as the parties of the first part may desire."

On the same day Sharp and wife conveyed to the plaintiff, T. C. Norris, the land upon which the timber was growing by a proper deed of conveyance. This deed contained the following clause: "Excepting and reserving all the timber on said boundary of land with the right to remove the same within ten years from date hereof, in accordance with a deed of even date herewith, for said timber by the parties of the first part to T. C. Norris." The parties, therefore, were in this situation:

Plaintiffs T. C. Norris and M. O. Galloway held a timber deed for the timber of the kind specified on the land. The plaintiff, Norris, then became the owner of the land subject to the timber deed to himself and Galloway.

Thereafter, on 27 November, 1920, Norris and wife conveyed to Galloway "their one-half interest in all the timber standing, lying and being and growing, and which might grow during the period, as set forth in a certain timber deed from E. W. Sharp and wife to T. C. Norris and M. O. Galloway." This deed from Norris to Galloway recited that the grantee Galloway should have "the right of ingress, egress and regress, to, over and through said tract of land for the purpose of cutting and removing said timber, and also the right of sawyards for the setting up and operating of sawmills on said boundary for the period as set forth in said deed as recorded in Book 54, p. 555" (deed from Sharp and wife to Norris and Galloway). The deed for the "one-half interest" from Norris and Galloway contained the following clause: "It is understood and agreed that when the party of the second part shall have cut from any portion of said land that all the timber and wood which he desires to cut and remove from said land, that the party of the first part shall have the right to clear, cultivate or sow in grass the land from which the timber is removed. And the party of the second part shall have two years after he has cut and removed timber from any portion of said land to go back and remove any hemlock wood that he may have left when he first cut over said land, provided the two years come within the period as set forth in the deed recorded in Book 54, p. 555, heretofore referred to. The parties of the first part sell and convey to the party of the second part all their rights and interest that they obtained in the said deed as recorded in Book 54, page 555, except as above set forth in this deed."

The plaintiff contends that after he purchased the land and executed deed to Galloway for his "one-half interest" in the timber that the clause above quoted in his deed to Galloway curtailed and restricted the right of Galloway or his assigns to cut any timber upon said land after the expiration of two years from the first cutting. That Galloway or his assigns had cut over the timber more than two years ago, and hence all rights of Galloway in and to said timber had ceased. The defendant Galloway, upon the other hand, contends that the deed from Norris to him is an enlargement of his right to cut rather than a restriction. So that the merit of the case resolves itself into an examination of these contentions.

The deed from Sharp to Norris and Galloway provided that the grantees should have ten years within which to cut and remove "all the

timber standing, lying and being and growing, and which might grow during the period," etc. It was further provided therein that when the grantees had cut and removed all the timber which they desired upon any designated portion of the land, the grantors could reënter *such portion so designated* and hold the same in such manner and to such extent as the grantors should desire. In other words, the right to cut and remove any more timber from such portion so designated by the grantees ceased if the grantors should so desire. The deed from Norris and wife to Galloway expressly recognizes the right of the grantee to cut and remove the timber for a period of ten years, but provides that when the grantee cuts and removes all the timber which he desires from any portion of the land, thereupon the grantors shall have the right to clear, cultivate and sow in grass such portion, subject, however, to the right of the grantee to reënter such portion and remove any hemlock wood only, if such removing of such hemlock wood shall be done within two years from the first cutting and within the ten-year period.

The essential difference between the restrictions in the two deeds is this: In the Sharp deed the grantees designated the portion of land upon which all desired cutting had been done, and thereupon they could not reënter such portion for the purpose of cutting if the grantors objected. In the Norris deed, when any portion of land had been cut over, the grantors could reënter, but could not prevent the grantee from going back upon such portion and removing hemlock wood if done within two years from the first cutting and within the ten-year period. Under this construction the covenants in the deed from Norris to Galloway tend to enlarge rather than restrict the timber rights of defendant. So that the defendant has the right to cut and remove the specified timber for a period of ten years; provided, however, that as to such portion which has been cut over and cleared or cultivated or sowed in grass by the plaintiffs, then defendant can reënter and remove hemlock wood only, and this must be done within two years from the first cutting and within the maximum period of ten years.

We conclude upon the record that the plaintiff is not entitled to restrain the cutting of the timber, and the judgment resolving the temporary restraining order is affirmed. It is further ordered that the restraining order granted pending this appeal be, and the same is hereby dissolved.

Affirmed.